## THE LEOCADIA.[1]

### WILSON v. THE LEOCADIA.

*(District Court, E. D. New York. June 8, 1888.)*

SHIPPING—LIABILITY OF VESSEL FOR TORT—INJURY TO STEVEDORE BY PARTING
OF ROPE OF LIBELANT'S PROCUREMENT.
  A vessel provided a rope sufficient for hoisting cargo, and libelant, a ste-
vedore, in order to render his work easier, substituted therefor another rope,
which afterwards parted, precipitating him into the hold. *Held,* on suit
brought against the vessel for his damage, that he could not charge the ship
with liability for injuries sustained by reason of the breaking of the rope of
his own procurement.

In Admiralty. Action for personal injury.
*William C. Reddy,* for libelant.
*Wing, Shoudy & Putnam,* for claimant.

BENEDICT, J. This is an action to recover for a personal injury of the
libelant by falling into the hold of the bark Leocadia. There is little

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

dispute in regard to facts. Upon the arrival of the ship the master made a contract with a stevedore for the discharge of her cargo. It is the usage, under such circumstances, for the ship to provide the fall by which the cargo is raised from the hold of the ship and lowered to the dock. Accordingly the master of the ship provided for the use of the stevedore on this occasion a new hemp rope, which was accepted by the stevedore and used by his men in discharging the cargo. The cargo consisted of salt and cement. After the salt had been discharged by the use of the hemp rope, the libelant, a hand employed by the stevedore as hatchman to stand at the hatch and guide the cargo as it rose from the hold through the hatch, applied to the mate for a manila rope. The mate gave him one, which the man rove in place of the hemp rope furnished by the master, in order to lighten his own labor, and this rope he thereupon used in discharging the cement. While the libelant was pushing off from the coaming of the hatch a barrel of cement then being hoisted by this manila rope, the rope parted, whereby the libelant was precipitated into the hold, and sustained the injuries sued for. Upon such a state of facts, it is my opinion that there is no liability on the part of the ship. When the master of the ship furnished a proper rope for the discharge of the cargo, his duty was fulfilled; and when the libelant, in order to make his own work easier, substituted in place of the hemp rope provided by the master the manila rope which he obtained from the mate, he took upon himself the risk of the sufficiency of the rope so substituted by him. There is evidence to the effect that the mate of the ship, when asked by the libelant for a manila rope, furnished this rope with the remark that it would do for the work. There is also in the case evidence to show that the libelant procured the rope himself from the second cabin. However this may be, I do not consider that the result would be changed; for I think that, when the libelant, in order to render his own work easier, himself unrove the rope furnished by the master for the discharge of the cargo, and substituted in place of it a rope unfit for the purpose, he did so at his own risk. He cannot charge the ship with liability for injuries sustained by reason of the breaking of the rope of his own procurement. The libel must be dismissed, and with costs.